Matter of Attorneys in Violation of Judiciary Law § 468-a (Yamamoto) (2020 NY Slip Op 00345)

Matter of Attorneys in Violation of Judiciary Law 468-a (Yamamoto)

2020 NY Slip Op 00345

Decided on January 16, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2020

PM-19-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Chiharu Yamamoto, Respondent. (Attorney Registration No. 5116892.)

Calendar Date: December 30, 2019

Before: Clark, J.P., Mulvey, Devine, Aarons and Colangelo, JJ., concur.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Chiharu Yamamoto, Tokyo, Japan, respondent pro se.

Motion by respondent for an order reinstating her to the practice of law following her suspension by May 2019 order of this Court (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1760 [2019]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16).[FN1]
Upon reading respondent's notice of motion and affidavit with exhibits sworn to October 18, 2019, and upon reading the December 23, 2019 responsive correspondence from the Attorney Grievance Committee for the Third Judicial Department, and having determined, by clear and convincing evidence, that (1) respondent has complied with the order of suspension and the Rules of this Court, (2) respondent has the requisite character and fitness to practice law, and (3) it would be in the public interest to reinstate respondent to the practice of law (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Serbinowski], 164 AD3d 1049, 1051 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ettelson], 161 AD3d 1478, 1479-1480 [2019]), it is
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effectively immediately.
Clark, J.P., Mulvey, Devine, Aarons and Colangelo, JJ., concur.

Footnotes

Footnote 1: Respondent was previously denied reinstatement by this Court upon the ground that she had failed to differentiate between alternative attestations in several paragraphs of her affidavit (176 AD3d 1310 [2019]).